## COURT OF SPECIAL SESSIONS — NEW YORK — APPELLATE TERM — FIRST DEPARTMENT.

### November 29, 1922.

## THE PEOPLE v. MAX MILLER AND SIXTEEN OTHERS.

(1) DISORDERLY CONDUCT—NEW YORK CONSOLIDATION ACT, §§ 1458, 1459.
   The use of loud and boisterous language in a foreign tongue, in a restaurant, not understood by the arresting officers, to the annoyance of persons in the neighborhood, does not justify the arrest and conviction of the entire assemblage.

(2) SAME.
   What noises, if any, under the statute must depend on the particular circumstances of each case.

Before Hon. CLARENCE EDWARDS, Justice presiding; Hon. FREDERIC KERNOCHAN, Hon. JOHN J. FRESCHI, Associate Justices.

*K. Henry Rosenberg,* for appellants.

*Joab H. Banton, District Attorney (Felix C. Benvenga,* of counsel), for respondent.

This is an appeal from a judgment of conviction in the Third District City Magistrate's Court, September 3, 1922, for disorderly conduct tending to a breach of the peace, and from the sentence fining the defendants two dollars each.

PER CURIAM:

We think this judgment should be reversed on the facts.

It appears that the appellants (seventeen in all) were arrested, while in a room of a restaurant where some or all of them were playing cards. The prosecution maintains and the gravamen of the offense is that these appellants used loud and boisterous language in a foreign tongue, which was not understood by the arresting officers, to the annoyance of persons living in the neighborhood of the premises 147 Ludlow street, at 9:45 o'clock in the evening of September 2, 1922.

The question is here presented whether the acts charged constituted disorderly conduct tending to a breach of the peace within the meaning of the statute. (N. Y. C. Consolidation Act, §§ 1458 and 1459.)

In the crowding necessarily incident to the life in this city, particularly in the section where the event happened, it is inevitable that there shall be much human noise even to the extent of disturbance in some degree of the peace and quiet, which many might deem desirable. But we do not deem it necessary to decide on this appeal whether the making of the noise described in the testimony constituted disorderly conduct. What noises, if any, are sufficient to make out a case under the statute (*supra*) must depend upon the particular circumstances of each case.

The evidence here shows that loud noises emanated from the room where card playing was going on, and in that room the arresting officers found all of the appellants. These circum-

stances constituted all the proof in the case against any individual defendant. Such evidence as tending to establish the guilt of any individual defendant of the offense charged in the information is entirely circumstantial, and insufficient to support a conviction as stated in the rule set forth in the syllabus in People v. Razezicz, 206 N. Y. 249, as follows:

" 1. In determining a question of fact from circumstantial evidence, there are two general rules to be observed: (1) The hypothesis of delinquency or guilt should flow naturally from the facts proved, and be consistent with them all; (2) the evidence must be such as to exclude, to a moral certainty, every hypothesis but that of defendant's guilt of the offense imputed to him, or, in other words, the facts proved must all be consistent with and point not only to his guilt but they must be inconsistent with his innocence."

Moreover, against this insufficient proof of their guilt, several of the convicted defendants testified that they were not guilty of the offense.

Judgment of conviction reversed on the facts, complaint dismissed and the defendants discharged, and the fines paid are ordered to be refunded to the several defendants respectively.